IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

In re:                                    :
                                          :
THOMAS E. NOBLE,                          : Misc. Action No. 18-175-LPS
                                          :
        Movant.                           :

---

THOMAS E. NOBLE,                          :
                                          :
            Petitioner,                   :
    v.                                    :
                                          :
CHIEF JUDGE LEONARD STARK,                :
et al.,                                   :
                                          :
            Respondents.                  :

## MEMORANDUM

1. **Introduction.** Movant Thomas E. Noble ("Movant"), a *pro se* litigant incarcerated at FDC Philadelphia has engaged in filing numerous lawsuits that contain frivolous legal arguments that are vexatious and abuse the judicial process.[1] On September 13, 2004, then United States District Judge Kent A. Jordan entered an order enjoining Movant from filing any *pro se* civil rights complaints without prior approval of the Court. *See Noble v. Becker*, Civ. No. 03-906-KAJ D.I. 12. In *Noble v. Becker*, Civ. No. 03-906-KAJ, Movant was given notice to show cause why injunctive relief should not issue, *see Gagliardi v. McWilliams*, 834 F.2d 81, 83 (3d Cir. 1987); he responded to the show cause order, but "did not show cause" why the order should not be entered (*see* Civ. No. 03-906-KAJ D.I. 7, D.I. 12 at 4). The barring order issued, and Movant did not appeal. In 2016,

---

[1] The United States Court of Appeals for the Third Circuit has described Movant as a serial litigator, filing over five dozen lawsuits in federal district courts, including more than 30 complaints in this District Court. *In re Noble*, 663 F. App'x 188, 189 (3d Cir. 2016) (per curiam).

1

Movant sought mandamus relief to vacate the filing injunction and, when it was denied, appealed to the Third Circuit. On October 6, 2016, the Third Circuit held that Movant was not entitled to mandamus relief vacating the district court's filing injunction, and he was not entitled to a writ of mandamus for review of the district court's enforcement of the filing injunction. *In re Noble*, 663 F. App'x at 190.

2. **Discussion.** On May 29, 2018, Movant filed a petition to stop traitors from further serially robbing him of his constitutional right to be heard by an impartial court and all other rights since 1982. (D.I. 3) The petition is construed as alleging violations of Movant's civil rights.

3. Movant once again contests the order enjoining him from filing civil rights complaints without prior court approval. He claims the order has no legitimate force. Movant has raised this claim previously and repeatedly, to no avail. *See In re Noble*, 663 F. App'x 188 (3d Cir. Oct. 6, 2016) (per curiam); *In Re Thomas E. Noble Litigation*, 223 F. Supp. 3d 1332 (U.S.J.P.M.L. 2016); *In re Noble*, 2018 WL 2012903 (D. Del. Apr. 30, 2018); *Noble v. Becker*, 2017 WL 337979 (D. Del. Jan. 23, 2017); *In re Noble*, 2016 WL 3693742 (D. Del. July 11, 2016); *In re Noble*, 2016 WL 3566983 (D. Del. June 29, 2016).

4. The filing's caption notes that it is a miscellaneous action. Named Respondents include current and retired Delaware District Court Judges, United States Court of Appeals Judges, and the Clerk of Court. The caption contains a "notice of conflicts" requiring transmission of all cases to the Supreme Court for reassignment to an impartial court. Movant asserts that Respondents cannot ethically address or assign this petition for reasons alleged and affirmed by him in other cases.

5. Movant contends that all named Respondent judges are conflicted from hearing this matter and, as a result, this requires the transmission of all of Movant's cases to the United States

2

Supreme Court for reassignment to an impartial judge. In essence, Movant seeks the recusal of any and all judges who have had contact of any type with any case in which Movant has been involved.

6. A judge is required to recuse himself "in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). The test for recusal under § 455(a) is whether a "reasonable person, with knowledge of all the facts, would conclude that the judge's impartiality might reasonably be questioned," *In re Kensington Int'l Ltd.*, 368 F.3d 289, 301 (3d Cir. 2004), not "whether a judge actually harbors bias against a party," *United States v. Kennedy*, 682 F.3d 244, 258 (3d Cir. 2012). Under § 455(b)(1), a judge is required to recuse himself "[w]here he has a personal bias or prejudice concerning a party."

7. Under either subsection, the bias necessary to require recusal generally "must stem from a source outside of the official proceedings." *Liteky v. United States*, 510 U.S. 540, 554 (1994); *Selkridge v. United of Omaha Life Ins. Co.*, 360 F.3d 155, 167 (3d Cir. 2004) (beliefs or opinions which merit recusal must involve extrajudicial factor). Hence, "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Liteky*, 510 U.S. at 555. Similarly, claims of bias or partiality cannot be based on "expressions of impatience, dissatisfaction, annoyance, [or] even anger, that are within the bounds of what imperfect men and women, even after having been confirmed as federal judges, sometimes display. A judge's ordinary efforts at courtroom administration -- even a stern and short-tempered judge's ordinary efforts at courtroom administration -- remain immune." *Id.* at 555-56.

8. The petition alleges a conspiracy of traitors who are puppets of the Illuminati and who have been serially working in a common scheme conspiracy to unconstitutionally deprive Movant of his rights. The petition alleges this has occurred by obstructing Movant's right to impartial court relief for well over three decades since 1982. The petition provides a chronology of

3

events beginning in late 1981 and continuing through 2018. (D.I. 3 at 3-5) The petition alleges in a conclusory manner that Judges Robinson, Stark, Andrews, and Sleet colluded to cover up and abet crimes by Delaware officials. (*Id.* at 5) Movant seeks an impartial court to "peruse completely all [his] cases" at said courts. (*Id.*)

9. It is evident that Movant takes exception to any and all rulings made in this Court, the United States Court of Appeals for the Third Circuit, and Delaware and Pennsylvania State Courts. It is clear that the rulings serve as his only basis to seek recusal.

10. The undersigned Judge has been assigned this case through this Court's ordinary procedures. A reasonable, well-informed observer could not believe that the Court's prior rulings in Movant's cases were based on impartiality, bias, or actual prejudice. Nor do the Court's rulings demonstrate that the undersigned Judge acted in such manner when ruling in the cases wherein Movant is a party. After careful and deliberate consideration, the undersigned Judge has concluded that he has no actual bias or prejudice towards Movant and that a reasonable, well-informed observer would not question the Court's impartiality. In light of the foregoing standard and after considering Movant's assertions, the undersigned concludes that there are no grounds for recusal under 28 U.S.C. § 455. *See Azubuko v. Royal*, 443 F.3d at 304 (mere fact that judge may be one of numerous federal judges that litigant has filed suit against is not sufficient to establish that recusal is warranted under 28 U.S.C. § 144 or § 455(a)).

10. Movant does not explain why he should be given leave to commence a new action. However, it is clear from his filing that Movant takes exception to judicial rulings and his displeasure forms the basis of his claims. In addition, it is clear from the pleading that the vast majority of the allegations are time-barred. The remaining claims are either frivolous or raised against judicial Respondents who have immunity from suit.

11. For purposes of the statute of limitations, § 1983 claims are characterized as personal injury actions. *See Wilson v. Garcia*, 471 U.S. 261, 275 (1983). In Delaware, § 1983 claims are subject to a two-year limitations period. *See* 10 Del. C. § 8119; *Johnson v. Cullen*, 925 F. Supp. 244, 248 (D. Del. 1996). Section 1983 claims accrue "when the plaintiff knew or should have known of the injury upon which its action is based." *Sameric Corp. v. City of Philadelphia*, 142 F.3d 582, 599 (3d Cir. 1998). Movant refers to actions beginning in 1981 through 2018. Based upon the two-year limitation period, all claims for actions taking place prior to May 23, 2016 are time-barred.

12. As noted, the judicial Respondents have absolute judicial immunity. "A judicial officer in the performance of his duties has absolute immunity from suit and will not be liable for his judicial acts." *Capogrosso v. The Supreme Court of New Jersey*, 588 F.3d 180, 184 (3d Cir. 2009) (internal quotation marks omitted). "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted 'in the clear absence of all jurisdiction.'" *Id.* (citations omitted). Movant has not set forth any facts that would show that any of the judges acted in the absence of jurisdiction. Nor do the allegations state a claim against the Clerk of this Court or any other Court.

13. Thus, in reviewing the allegations, the Court finds that the proposed complaint raises claims that are time-barred, frivolous, or are raised against Respondents who have absolute judicial immunity. No curative amendment is possible.

13. **Conclusion.** In accordance with Judge Jordan's September 13, 2004 order that enjoins Movant from filing new civil rights cases, Movant's motion for leave to file a complaint will be denied and all other motions will be denied as moot. *See Chambers v. NASCO, Inc.*, 501 U.S. 32,

43 (1991) (stating court has inherent authority "to manage [its] own affairs so as to achieve the orderly and expeditious disposition of cases"). A separate Order shall issue.

June 11, 2018
Wilmington, Delaware

HONORABLE LEONARD P. STARK
UNITED STATES DISTRICT JUDGE